GEORGE G. CLARK, ANNIE M. MORSE, AND WALKER L. HUSE, TRUSTEES, ESTATE OF CHARLES H. CUMMINGS, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7927.   Promulgated September 22, 1927.

The testator created a trust of his residuary estate, directing his trustees to " distribute the principal thereof and income there-

from to, for, in and among such charitable, fraternal, benevolent and educational uses, purposes, societies, institutions, associations and corporations public or private within the State of New Hampshire as they in their discretion shall select and designate, and in such manner and ways and with such limitations as to use as they shall deem proper, beneficial and expedient." The trustees received income during the taxable year, but made no distribution of principal or interest until two years later. *Held*, that the income is taxable to the fiduciary. *Held*, further, that since distribution may be made to other than exempt corporations, the income is not exempt. Previous court and Board decisions distinguished.

*Henry Herrick Bond, Esq.*, for the petitioners.
*A. R. Marrs, Esq.*, for the respondent.

This proceeding is for the redetermination of a deficiency in income tax proposed to be assessed by the respondent for the year 1921 in the amount of $109.31. The respondent determined that the income of a trust of which they were trustees was taxable to them as trustees, under the provisions of section 219 of the Revenue Act of 1921. The petitioners contend that the income of the trust was in 1921 held by the trustees under the terms of the trust to be distributed to charities and was taxable, if at all, to the beneficiaries under section 219 (a) (4) of the Revenue Act of 1921, but that since the beneficiaries are admittedly exempt, no tax is assessable.

### FINDINGS OF FACT.

Petitioners are trustees under the will of Charles H. Cummings, deceased. The pertinent provisions of that will are:

After the duties, directions and requirements imposed upon the trustees by the provisions of this item of this will have been performed and the expenses of carrying out the same and the service of the trustees therefor have been paid I direct the trustees to hold the trust fund derived from and under this residuary item of this will, including any and all funds which have or may come into the residue of my estate as provided in the seventh, eighth and ninth items thereof, and as they can, in their judgment and discretion, so do advantageously, give, expend, dispose of and distribute the principal thereof and income therefrom to, for, in and among such charitable, fraternal, benevolent and educational uses, purposes, societies, institutions, associations and corporations public or private within the State of New Hampshire as they in their discretion shall select and designate, and in such portions and sums and at such time or times and in such manner and ways and with such limitations as to use as they, my trustees shall deem proper, beneficial and expedient.

During the year 1921 certain income from the trust property came into the hands of the trustees. The amount of this income was $3,732.64. No distribution was made in that year by the trustees

to the beneficiaries, but in the year 1923 the trustee made distribution to certain admittedly charitable corporations as follows:

April 10, 1923, Laconia Hospital Assn., Laconia, N. H._____ $1, 000
July, 1923, Merideth Public Library, Merideth, N. H._____ 500
July, 1923, New Hampshire Orphan's Home_____ 2, 000

The income at the end of the year 1921 was carried on the books of the trust to income account and not to principal account.

In the interval between the time of the receipt of the income in 1921 and the time of the distribution thereof to the charitable beneficiaries in 1923, the trustees had conferences relative to the selection of the recipients of the distribution and weighed the merits of the particular institutions under consideration. The three mentioned above were selected on account of their particular merits and on account of the interest of the testator in them.

#### OPINION.

PHILLIPS: Petitioner's counsel contends that the income in question is not taxable to the trustees on two grounds: (1) that the income falls within section 219 (a) (4) of the Revenue Act of 1921 as " income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals," or (2) that the income was to be distributed to exempt corporations and falls within the decision of the Board in *Appeal of Herbert Jermain Slocum, et al., Executors*, 6 B. T. A. 36, and the decision of the district court in *Slocum* v. *Bowers*, 15 Fed. (2d) 400, since affirmed by the United States Circuit Court of Appeals of the Second Circuit in *Bowers* v. *Slocum*, 20 Fed. (2d) 350.

The pertinent provisions of the Revenue Act of 1921 are as follows:

SEC. 219. (a) That the tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including—

*　　　*　　　*　　　*　　　*　　　*　　　*

(2) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests;

(3) Income held for future distribution under the terms of the will or trust; and

(4) Income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals, and the income collected by a guardian of an infant to be held or distributed as the court may direct.

(b) The fiduciary shall be responsible for making the return of income for the estate or trust for which he acts. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212, except that (in lieu of the deduction authorized by paragraph (11) of subdivision (a) of section 214) there shall also be allowed as a deduction,

without limitation, any part of the gross income which, pursuant to the terms of the will or deed creating the trust, is during the taxable year paid or permanently set aside for the purposes and in the manner specified in paragraph (11) of subdivision (a) of section 214. In cases in which there is any income of the class described in paragraph (4) of subdivision (a) of this section the fiduciary shall include in the return a statement of the income of the estate or trust which, pursuant to the instrument or order governing the distribution, is distributable to each beneficiary, whether or not distributed before the close of the taxable year for which the return is made.

(c) In cases under paragraphs (1), (2), or (3) of subdivision (a) or in any other case within subdivision (a) of this section except paragraph (4) thereof the tax shall be imposed upon the net income of the estate or trust and shall be paid by the fiduciary.  *  *  *

(d) In cases under paragraph (4) of subdivision (a)  *  *  *  the tax shall not be paid by the fiduciary, but there shall be included in computing the net income of each beneficiary that part of the income of the estate or trust for its taxable year which, pursuant to the instrument or order governing the distribution, is distributable to such beneficiary, whether distributed or not,  *  *  *

SEC. 214. (a) That in computing net income there shall be allowed as deductions:

*        *        *        *        *        *        *

(11) Contributions or gifts made within the taxable year to or for the use of:  *  *  *  (B) any corporation, or community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including posts of the American Legion or the women's auxiliary units thereof, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual;  *  *  *

There is in the will no provision for the periodical distribution of income. Principal and income are treated as one. The trustees are to distribute both "in such portions and sums and at such time, or times and in such manner and ways and with such limitations as to use as they shall deem proper, beneficial and expedient." The argument that income must be distributed periodically goes too far, for since income and principal are to be distributed alike, it implies that the principal must be distributed periodically. We see no such direction in the will.

There must also be considered that portion of section 219(b) providing that in cases under paragraph (4) of subdivision (a) there shall be included in computing the net income of the beneficiary that part of the income which is distributable to such beneficiary.

If any meaning is to be given to this provision in construing paragraph (a)(4) it must be that the latter paragraph implies a known beneficiary, which would exclude the instant case from that paragraph.

Furthermore, in setting aside the residuary estate in the hands of trustees instead of directing its distribution by the executors, it seems clear that testator intended that the distribution should not take place for some time. In the absence of any provision for the separate distribution of income, this confirms the conclusion to be drawn from the language of the will that any income or accretions to the principal fund are to be treated as part of the entire fund. In such circumstances, it becomes impossible to say that any distribution is either principal or income, for it is merely a distribution of a part of a whole consisting of both.

Nor does the instant case fall within *Appeal of Herbert Jermain Slocum et al., Executors, supra,* or *Bowers* v. *Slocum, supra,* where it clearly appeared that all of the income must go to corporations of the character described in section 219(b). Here the beneficiaries of the trust are not so confined. That the trustees should some two years after the year involved make a distribution of a part of the fund to corporations within the limitation, seems to us immaterial.

Reviewed by the Board.

*Decision will be entered for the respondent.*